**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**DETROIT DIVISION**

MOLLIE WHITE,

Plaintiff,

v.

SMS FINANCIAL, LLC.

Defendant.

Case No. 2:20-cv-10292

JURY TRIAL DEMANDED

### COMPLAINT

NOW COMES Mollie White ("Plaintiff"), by and through her attorney, James C. Vlahakis, and brings the following civil action against Defendant SMS Financial, LLC ("SMS") as follows:

### I.      Parties, Jurisdiction and Venue

1.      Plaintiff is a resident of Mount Clemens, Michigan and has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq. and the Michigan Occupational Code ("MOC") at M.C.L. §339.901 et seq.

2.      Plaintiff's cellular telephone number is 586-441-2007.

3.      Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337.

4.      Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5.      Plaintiff is a citizen of the State of Michigan and resides in this District.

6.      SMS is a collection agency with its principle office located at 6829 North 12th Street, Phoenix, Arizona 85014.

7.      The principal purpose of SMS's business is the collection of consumer debts.

8.      SMS collects or attempts to collect, directly or indirectly, defaulted debts

1

owed or due or asserted to be owed or due to others, from consumers in the State of Michigan residing in the State of Michigan using the mail and telephone.

9.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan as noted in the above paragraph.

10.     Plaintiff resides in the Eastern District of Michigan, and the events giving rise to the claims occurred within the Eastern District of Michigan by virtue of the fact that Defendant called Plaintiff's Michigan based telephone number and Plaintiff received unlawful telephonic communications from Defendant while residing in this District.

## II.     Background Facts Related to FDCPA Violations

11.     Prior to the conduct-giving rise to Plaintiff's claims, Plaintiff financed an automobile from an automobile dealership (the "Original Creditor").

12.     Plaintiff was making timely payments on her automobile.

13.     Plaintiff was unable to continue making payments on her automobile.

14.     Plaintiff allowed the Original Creditor to repossess her automobile.

15.     After the automobile was repossessed, there remained a balance (the "Subject Debt") that Plaintiff still owed which resulted in Plaintiff defaulting on the Subject Debt.

16.     Upon information and belief, the Original Creditor entered a judgment against Plaintiff for the Subject Debt.

17.     After the Subject Debt was in default, SMS acquired the right to collect or attempt to collect on the Subject Debt.

18.     In or around August 2019, SMS began placing collection calls to Plaintiff's cellular telephone.

19.     Plaintiff is a "consumer" as defined by Section 1692a(3) of the FDCPA because Defendant regards Plaintiff as being a natural person obligated to pay the

Subject Debt.

20.    SMS used the telephone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

21.    SMS's telephonic communications to Plaintiff were made in connection with the collection of the Subject Debt.

22.    The Subject Debt is a "debt" as defined by Section 1692a(5) of the FDCPA as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

23.    SMS is a "debt collector" as defined by Section 1692a(6) of the FDCPA because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

24.    Defendant used telephone number (602) 944-0624 to call Plaintiff in numerous attempts to collect the Subject Debt.

25.    SMS used other numbers to contact Plaintiff.

26.    Concerned about the violations of her rights against telephone harassment and Defendant's invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease SMS's collection efforts.

**III.    Violations of the FDCPA**

**Count I – Violations of Section 1692c of the FDCPA**

27.    Plaintiff realleges the above paragraphs as though fully set forth herein.

28.    When Plaintiff answered Defendant's telephone calls, she spoke with employees and/or representatives of Defendant and repeatedly told these employees and/or representatives to stop calling her.

29.    Despite Plaintiff telling employees and/or representatives of SMS to stop

calling her, SMS continued to place collection calls to Plaintiff's cellular telephone.

30. Notwithstanding Plaintiff's request that Defendant stop contacting her, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone between August 2019 through the present day, in an attempt to collect on the Subject Debt.

31. SMS's phone calls caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity.

32. SMS's unwanted and harassing calls wasted Plaintiff's time, caused annoyance and distraction caused by the unwanted and harassing phone calls, aggravation that accompanies unsolicited debt collection calls.

33. SMS's illegal conduct caused Plaintiff harassment, emotional distress, anxiety, and loss of concentration.

34. SMS's harassing calls diminished value and utility of Plaintiff's telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

35. SMS violated Section 1692c(a)(1) when it continuously called Plaintiff after being notified to stop calling her.

36. This repeated behavior of systematically calling Plaintiff's cellular telephone after she demanded that it cease contacting her was harassing and abusive.

37. Even after being told to stop contacting her, SMS continued its consistent phone calls with the specific goal of oppressing and abusing Plaintiff into paying the Subject Debt.

38.     Furthermore, SMS has relentlessly called Plaintiff numerous times. This volume of calls shows that SMS willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

39.     Plaintiff notified SMS that its calls were not welcomed.  As such, SMS knew that its conduct was inconvenient and harassing to her.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c.  Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C.  §1692k; and

d.  Award any other relief as the Honorable Court deems just and proper.

**Count II – Violations of Sections 1692d and d5 of the FDCPA**

40.     Plaintiff realleges paragraphs 15 through 25 as though fully set forth herein.

41.     Further, Plaintiff adopt the allegations set forth in Count I as though fully set forth herein.

42.     SMS continued to call Plaintiff after Plaintiff told SMS to stop calling her cellular telephone.

43.     Defendant failed to abide by Plaintiff's do not call request for the purpose of annoying, abusing and/or harassing Plaintiff.

44.     SMS placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from August 2019 through the present day after Plaintiff demanded such calls cease.

45.     SMS violated Section1692d by engaging in abusive, harassing, and

oppressive conduct by continuously calling Plaintiff's cellular phone seeking immediate payment on the Subject Debt.

46.    SMS violated Section 1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the Subject Debt.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c.  Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d.  Award any other relief as the Honorable Court deems just and proper.

**Count III – Violations of FDCPA Section 1692e, e(2)(A) and e(10)**

47.    Plaintiff realleges the above paragraphs as though fully set forth herein.

48.    Section 1692e of the FDCPA states, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

49.    Section 1692e(2)(A) of the FDCPA prohibits debt collectors from making a "false representation of – (2) the character, amount or legal status of any debt[.]"

50.    Section 1692e(10) of the FDCPA prohibits a debt collector from "us[ing] of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

51.    SMS violated Section 1692e and e(10) by engaging in false, deceptive, and misleading means in connection to the Subject Debt.

52.    On information and belief, the Statute of Limitations to sue on the Subject

6

has expired.

53.    In one particular call that SMS made to Plaintiff's cellular telephone, one of SMS's employees and/or representative asked Plaintiff to make a payment toward the Subject Debt.

54.    Plaintiff responding by stating that she was not able to make a payment toward the Subject Debt and again requested that SMS stop calling her.

55.    To the best of Plaintiff's memory, SMS's representative responded by stating something along the lines of, "you have five seconds to figure out how you are going to handle this or I will find a way."

56.    The same representative also told Plaintiff "we have twenty-one years to sue you on this debt."

57.    Upon information and belief, Plaintiff defaulted on the subject debt in 2011.

58.    SMS's false and misleading statements were made in an attempt to pressure Plaintiff into making a payment on the Subject Debt in order to revive the Statute of Limitations to sue on the Subject Debt.

59.    On information and belief, a judgment was entered against Plaintiff relative to the Subject Debt for a sum certain.

60.    On information and belief, the judgment does not provide the right to collect interest.

61.    Further, notwithstanding the fact that the judgment does not provide the right to collect interest, on information and belief, SMS continues to add interest to the Subject Debt although a judgment was entered against Plaintiff.

62.    SMS's statements to Plaintiff were false, misleading, and unfair.

63.    SMS's false and misleading statements caused Plaintiff to panic and worry.

64.     SMS's false and unfair states caused Plaintiff's heartrate to increase.

65.     Specifically, SMS attempted to mislead Plaintiff into believing that it could sue her on the Subject Debt, when it cannot.

66.     SMS falsely and misleadingly represented to Plaintiff that it has 21 years to sue Plaintiff on the Subject Debt, when it does not.

67.     SMS used such deceptive conduct in order to scare Plaintiff into making a payment on the Subject Debt in order to revive the Statute of Limitations to sue on the Subject Debt.

68.     The aforementioned conduct violated Sections 1692e and e(10) of the FDCPA.

69.     Additionally, if a judgment has not been obtained against Plaintiff for the Subject Debt, and the time to lawfully sue Plaintiff to collect the debt has expired, then SMS violated Section 1692e(2)(A) and e(10) of the FDCPA because SMS's employees and/or representatives did not orally inform Plaintiff that the statutes of limitations upon which to sue Plaintiff to collect the Subject Debt has expired.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c.  Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d.  Award any other relief as the Honorable Court deems just and proper.

**Count IV – Violations of  FDCPA Section 1692f**

70.     Plaintiff realleges the above paragraphs as though fully set forth herein.

71.     SMS violated Section 1692f by using unfair and unconscionable means to

attempt to collect on the Subject Debt.

72.     SMS unfairly harassed Plaintiff with phone calls to her cellular telephone in an attempt to collect on the Subject Debt after she demanded such calls cease.

73.     Furthermore, SMS unconscionably told Plaintiff that she had five seconds to figure out how she would handle the Subject Debt or he would find a way.

74.     SMS's unfair threat to Plaintiff caused Plaintiff to panic and worry.

75.     Further, on information and belief, a judgment was entered against Plaintiff relative to the Subject Debt for a sum certain.

76.     On information and belief, the judgment does not provide the right to collect interest.

77.     Notwithstanding the fact that the judgment does not provide the right to collection interest, on information and belief, SMS continues to add interest to the Subject Debt.

78.     If a judgment has not been obtained against Plaintiff for the Subject Debt, and the time to lawfully sue Plaintiff to collect the debt has expired, then SMS violated Section 1692f of the FDCPA because SMS's employees and/or representatives did not orally inform Plaintiff that the statutes of limitations upon which to sue Plaintiff to collect the Subject Debt has expired.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c.  Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d.  Award any other relief as the Honorable Court deems just and proper.

### Count V – Violations of  FDCPA Section 1692g

79.      Plaintiff realleges the above paragraphs as though fully set forth herein.

80.      Plaintiff verified her current address with SMS several times.

81.      On information and belief, at no time did SMS send Plaintiff any correspondence notifying her of her rights pursuant to 15 U.S.C.  Section 1692g.

82.      SMS violated Section1692g through its initial telephonic communication by failing to properly transmit a letter to Plaintiff within five days of SMS's first phone communication with Plaintiff.

83.      On information and belief, SMS through its initial oral communications demanded payment of the Subject Debt from Plaintiff and failed to adequately send Plaintiff her right to dispute the validity of the Subject Debt within five days of the initial communication.

84.      On information and belief, SMS did not provide Plaintiff with written documentation of her rights to dispute a debt within five days of SMS's first phone communication with Plaintiff.

85.      SMS's failure to provide Plaintiff with written documentation of her rights to dispute a debt within five days of SMS's first phone communication with her prevented Plaintiff from knowing to send Defendant a written cease and desist request to effectively stop all debt collection related phone calls.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

    a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b.  Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c.  Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C.  §1692k; and

      d. Award any other relief as the Honorable Court deems just and proper.

## IV. Violations of the MOC

86. Plaintiff is a "consumer" or "debtor" as defined by M.C.L § 339.901(f) as she is a person that is obligated or allegedly obligated to pay a debt.

87. SMS is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

88. The Subject Debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

### Count VI – Violations of  M.C.L Section 339.915(f)(ii)

89. Plaintiff realleges the above paragraphs as though fully set forth herein.

90. The MOC, pursuant to M.C.L. Section 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

91. SMS violated M.C.L. Section 339.915(f)(ii) by repeatedly contacting Plaintiff's cellular phone after she demanded that it cease calling her.

92. Any hypothetical lawful ability of SMS to place the calls at issue was explicitly removed after Plaintiff demanded that it cease calling her cellular phone. As such, SMS misrepresented its legal rights in placing the phone calls, as well as Plaintiff's legal rights to have such phone calls cease, by continuing to contact Plaintiff's cellular phone absent the lawful ability to do so.

93. Furthermore, SMS misrepresented Plaintiff's legal rights in regard to when SMS could sue Plaintiff on the Subject Debt.

94.     SMS falsely stated that it had 21 years to sue Plaintiff on the Subject Debt, when it could not.

95.     SMS used such misrepresentation in order to scare Plaintiff into making a payment on the Subject Debt.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court for the following relief:

      a. Declare SMS's conduct to be violations of the MOC;

      b. Enjoining SMS from further contacting Plaintiff, pursuant to M.C.L. § 339.916(1);

      c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2);

      d. Awarding Plaintiff statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2);

      e. Award Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2); and

      f. Awarding any other relief as this Honorable Court deems just and appropriate.

### Count VII – Violations of  M.C.L Section 339.915(q)

96.     Plaintiff realleges the above paragraphs as though fully set forth herein.

97.     The MOC, pursuant to M.C.L. Section 339.915(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

98.     SMS violated the MOC by failing to adequately have procedures in place designed to prevent a violation by its employee(s).

99.     Plaintiff demanded that SMS stop calling. Notwithstanding Plaintiff's clear request, SMS continued calling.

100.     This demonstrates the lack of any procedures in place that SMS designed to address consumer requests that incessant phone calls are inconvenient and should

cease.

101.   As such, SMS has failed to implement procedures designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts.

102.   SMS's violations of the MOC were willful. SMS was repeatedly notified by Plaintiff that she did not wish to receive any more phone calls. Yet, Plaintiff was still bombarded with collection phone calls from SMS.

103.   In a willful manner, SMS called Plaintiff repeatedly notwithstanding her demands.

104.   Upon information and belief, SMS regularly engages in the above described behavior against consumers in Michigan, further demonstrating its willful failure to implement adequate procedures designed to prevent violations of the MOC.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court for the following relief:

    a.  Declare SMS's phone calls to Plaintiff to be violations of the MOC;

    b.  Enjoining SMS from further contacting Plaintiff, pursuant to M.C.L. § 339.916(1);

    c.  Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2);

    d.  Awarding Plaintiff statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2);

    e.  Award Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2); ;

    f.  Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff hereby demands a jury trial.**

Dated: 2/5/2020

Respectfully submitted,

/s/ James C. Vlahakis
Sulaiman Law Group, Ltd
2500 South Highland Avenue #200
Lombard, IL 60148
Phone: (630) 581-5456
jvlahakis@sulaimanlaw.com